214TH DISTRICT COURT
# CASE SUMMARY
## CASE NO. 2019DCV-0737-F

| | | | |
|---|---|---|---|
| **Arbuda Enterprises, Inc. DBA Safari Inn**<br>**vs.**<br>**Seneca Specialty Insurance Company** | §<br>§<br>§<br>§ | Location:<br>Judicial Officer:<br>Filed on: | **214th District Court**<br>**Rogoff-Klein, Inna**<br>**02/19/2019** |

---

### CASE INFORMATION

| | |
|---|---|
| Case Type: | **Deceptive Trade Practice** |
| Case Status: | **02/19/2019   Pending** |
| Case Flags: | **LCODC214** |

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | 2019DCV-0737-F |
| Court | 214th District Court |
| Date Assigned | 02/19/2019 |
| Judicial Officer | Rogoff-Klein, Inna |

---

### PARTY INFORMATION

*Lead Attorneys*

| | | |
|---|---|---|
| **Plaintiff** | **Arbuda Enterprises, Inc.** | **Hodge, Shaun w**<br>*Retained*<br>409-762-5000(W) |
| **Defendant** | **Seneca Specialty Insurance Company** | **Avery, Christopher H**<br>*Retained*<br>713-403-8210(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 02/19/2019 | Original Petition (OCA) | |
| 02/19/2019 | Original Petition Documents E-filed<br>Party:  Plaintiff  Arbuda Enterprises, Inc.<br>*Plaintiffs' Original Petition* | |
| 02/19/2019 | Service Request Information Sheet<br>*Service Requested* | |
| 02/19/2019 | Jury Fee Paid<br>Party:  Plaintiff  Arbuda Enterprises, Inc. | |
| 02/25/2019 | **Citation**<br>Seneca Specialty Insurance Company<br>Issued | |
| 03/01/2019 | **Citation**<br>Seneca Specialty Insurance Company          served | |
| 03/15/2019 | Original Answer<br>Party:  Defendant  Seneca Specialty Insurance Company<br>*Defendant's Original Answer and General Denial* | |

| DATE | FINANCIAL INFORMATION |
|---|---|



214TH DISTRICT COURT

# CASE SUMMARY
## CASE NO. 2019DCV-0737-F

**Plaintiff** Arbuda Enterprises, Inc.

| | |
|---|---:|
| Total Charges | 453.00 |
| Total Payments and Credits | 453.00 |
| **Balance Due as of 3/22/2019** | **0.00** |

Filed
2/19/2019 12:57 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO._____ 2019DCV-0737-F

| | | |
|---|---|---|
| **ARBUDA ENTERPRISES, INC. DBA SAFARI INN,** | § § § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| **v.** | § § | **NUECES COUNTY, TEXAS** |
| **SENECA SPECIALTY INSURANCE COMPANY,** | § § § | |
| **Defendant.** | § | **_____ JUDICIAL DISTRICT** |

---

## PLAINTIFFS' ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ARBUDA ENTERPRISES, INC. DBA SAFARI INN ("Plaintiff"), and files this *Plaintiffs' Original Petition*, complaining of SENECA SPECIALTY INSURANCE COMPANY, ("SENECA SPECIALTY INSURANCE COMPANY" or "Defendant"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiffs intend discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190, Level 2, and requests that the Court enter an appropriate scheduling order.

### PARTIES

2.      Plaintiff is a Texas company operating in Nueces County, Texas.

3.      Defendant SENECA SPECIALTY INSURANCE COMPANY is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State of Texas.  The Defendant may be served with process by serving its registered agent, MR. MARC WOLIN, PRESIENT SENECA SPECIALITY

INSURANCE COMPANY, 160 WATER STREET, NEW YORK, NEW YORK 10038, by certified mail, return receipt.

## JURISDICTION AND VENUE

4.  The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking only monetary relief over $200,000 but not more than $2,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Plaintiffs reserve the right to amend this petition during or after the discovery process.

5.  The Court has jurisdiction over Defendant because this Defendant engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

6.  Venue is proper in Neuces County, Texas, because the insured property is situated in Neuces County, Texas. and the events giving rise to this lawsuit occurred in this county.

## FACTS

7.  Plaintiff is the owner of a Texas Policy Number SSP1601457 ("the Policy"), which was issued by SENECA SPECIALTY INSURANCE COMPANY.

8.  Plaintiffs own the insured property, which is specifically located at 3640 Leopard, Corpus Christi, Texas 78408 (hereinafter the "Property").

9.  SENECA SPECIALTY INSURANCE COMPANY sold the Policy insuring the Property to Plaintiffs.

10. On or about March 14, 2018 the Plaintiff suffered a fire loss and filed a claim.  The Property sustained extensive damage during the loss.

**PLAINTIFF'S ORIGINAL PETITION**

11.     Plaintiffs submitted a claim to Defendant against the Policy for damages the Property sustained as a result of the loss. Upon information and belief, Defendant assigned claim number 18CCN154.

12.     Plaintiff asked that Defendant cover the cost of repairs to the Property pursuant to the Policy.

13.     Defendant inspected the property and estimated the loss to be approximately $596,078.36. Defendant on multiple occasions failed to properly inspect the property and failed to properly scope the business loss by intentionally ignoring and turning a blind eye to the true extent of the loss.

14.     Plaintiff submitted a pre-suit demand letter to the Defendant via certified mail and regular mail on December 4, 2018.   Defendant failed to attempt to resolve the dispute.

15.     Defendant set about to deny and underpay on properly covered damages. As a result of Defendant's unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Plaintiff. Plaintiffs' claim was improperly adjusted. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully recover from the loss, which has resulted in additional damages. To this date, Plaintiffs have yet to receive the full payment to which he is entitled under the Policy

16.     As detailed in the paragraphs below, SENECA SPECIALTY INSURANCE COMPANY wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, SENECA SPECIALTY INSURANCE COMPANY underpaid some of Plaintiffs' claims by not

**PLAINTIFF'S ORIGINAL PETITION**

providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

17. To date, SENECA SPECIALTY INSURANCE COMPANY continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their property.

18. Defendant SENECA SPECIALTY INSURANCE COMPANY failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiffs. SENECA SPECIALTY INSURANCE COMPANY's conduct constitutes a breach of the insurance contract between SENECA SPECIALTY INSURANCE COMPANY and Plaintiffs.

19. Defendant SENECA SPECIALTY INSURANCE COMPANY misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant SENECA SPECIALTY INSURANCE COMPANY's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).

20. Defendant SENECA SPECIALTY INSURANCE COMPANY failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy.  Defendant SENECA SPECIALTY INSURANCE COMPANY's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

21. Defendant SENECA SPECIALTY INSURANCE COMPANY failed to explain to the Plaintiffs the reasons for their offer of an inadequate settlement.  Specifically, Defendant SENECA SPECIALTY INSURANCE COMPANY failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendant SENECA SPECIALTY INSURANCE COMPANY did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim.  Defendant SENECA SPECIALTY INSURANCE COMPANY's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(3).

22. Defendant SENECA SPECIALTY INSURANCE COMPANY failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant SENECA SPECIALTY INSURANCE COMPANY.  Defendant SENECA SPECIALTY INSURANCE COMPANY's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

23. Defendant SENECA SPECIALTY INSURANCE COMPANY refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant SENECA SPECIALTY INSURANCE COMPANY failed to conduct a reasonable investigation.  Specifically, Defendant SENECA SPECIALTY INSURANCE COMPANY performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.  Defendant SENECA

SPECIALTY INSURANCE COMPANY's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

24. Defendant SENECA SPECIALTY INSURANCE COMPANY failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. SENECA SPECIALTY INSURANCE COMPANY's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

25. Defendant SENECA SPECIALTY INSURANCE COMPANY failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. SENECA SPECIALTY INSURANCE COMPANY's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

26. Defendant SENECA SPECIALTY INSURANCE COMPANY failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. SENECA SPECIALTY INSURANCE COMPANY's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

27. From and after the time Plaintiffs' claim was presented to Defendant SENECA SPECIALTY INSURANCE COMPANY, the liability of SENECA SPECIALTY INSURANCE COMPANY to pay the full claim in accordance with the terms of the Policy

was reasonably clear. However, SENECA SPECIALTY INSURANCE COMPANY has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. SENECA SPECIALTY INSURANCE COMPANY's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.     As a result of Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing him with respect to these causes of action.

## CAUSES OF ACTION

30.     Defendants are liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, intentional breach of the common law duty of good faith and fair dealing, and common law fraud.

## BREACH OF CONTRACT

31.     The Policy is a valid, binding, and enforceable contract between Plaintiffs and Defendant.

32.     Defendant SENECA SPECIALTY INSURANCE COMPANY's conduct constitutes a breach of the insurance contract made between SENECA SPECIALTY INSURANCE COMPANY and Plaintiffs.

33.     Defendant SENECA SPECIALTY INSURANCE COMPANY's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of SENECA SPECIALTY INSURANCE COMPANY's insurance contract with Plaintiffs.

34.     The Defendant's breach proximately caused Plaintiffs' injuries and damages.

35.     All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

36.     Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

37.     Defendants' unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

38.     Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though SENECA SPECIALTY INSURANCE COMPANY's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

39.     Defendants' unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

40.     Defendants' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of

rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

41.   Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

42.   Each of the foregoing unfair settlement practices were completed knowingly by the Defendants, and were a producing cause of Plaintiffs' injuries and damages.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

43.   The Claim is a claim under an insurance policy with the Defendant of which Plaintiffs gave proper notice. The Defendant is liable for the Claim. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

44.   Defendant SENECA SPECIALTY INSURANCE COMPANY's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

45.   Defendant SENECA SPECIALTY INSURANCE COMPANY's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

46.   Defendant SENECA SPECIALTY INSURANCE COMPANY's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably

**PLAINTIFF'S ORIGINAL PETITION**

requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

47.    Each of the foregoing unfair settlement practices were completed knowingly by the Defendants, and were a producing cause of Plaintiffs' injuries and damages.

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

48.    The Defendants breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the Claim when Defendants knew or should have known that liability was reasonably clear.

49.    Defendants' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, SENECA SPECIALTY INSURANCE COMPANY knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

50.    Defendants' conduct proximately caused Plaintiffs' injuries and damages.

**VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT**

51.    Defendants' conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading or deceptive acts and practices."

52.    Plaintiffs are a "consumer" in that Plaintiffs acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

53.    The Defendants committed numerous violations of the Texas DTPA, insofar as Defendants:

a)    Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

b)    Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

c) Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

d) Generally engaged in unconscionable courses of action while handling the Claim; and/or

e) Violated the provisions of the Texas Insurance Code described herein.

54. The Defendants took advantage of the Plaintiffs' lack of knowledge, ability, experience or capacity to a grossly unfair degree and to the Plaintiffs' detriment. The Defendants' acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of the Defendants' violations of the DTPA, Plaintiffs suffered actual damages. In addition, the Defendants committed the above acts knowingly and/or intentionally, entitling Plaintiffs to three times Plaintiffs' damages for economic relief.

## COMMON LAW FRAUD

55. Defendants are liable to Plaintiffs for common law fraud.

56. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as he did, and which Defendants knew were false or made recklessly without any knowledge of their truth as a positive assertion.

57. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

58. The Defendants knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from Plaintiffs with the intent of inducing Plaintiffs to accept a denial and/or underpayment of insurance benefits.

**PLAINTIFF'S ORIGINAL PETITION**

The Defendants allowed Plaintiffs to use this information, or lack thereof, in justifiable reliance in accepting the denial and/or underpayment.  Plaintiffs relied upon said statements in accepting the denial and/or underpayment of the Claim, and suffered injury as a result.

## DAMAGES

59.   Upon the trial of this case, it shall be shown Plaintiff sustained damages as a result of Defendant's conduct.  Plaintiff respectfully requests the Court and jury award the amount of loss Plaintiff has incurred in the past and will incur in the future.  There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiff for injuries, damages, and losses, incurred and to be incurred.  From the date of the occurrence in question until the time of trial of this cause, Plaintiff seeks every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiff's actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

60.   Plaintiffs would show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

61.   The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

62.   For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees and pre-judgment interest.

**PLAINTIFF'S ORIGINAL PETITION**

63. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

64. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

65. For breach of the common law duty of good faith and fair dealing, Plaintiffs entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

66. For violations of the Deceptive Trade Practices Act, Plaintiffs are entitled to recover actual damages and up to three times Plaintiffs' damages for economic relief, along with attorney's fees, interest and court costs.

67. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

68. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

---

**PLAINTIFF'S ORIGINAL PETITION**

69.    Plaintiffs are not making any claims for relief under federal law.

## JURY DEMAND

70.    Plaintiffs request a jury trial, and have tendered any and all requisite fees for such along

with the filing of this *Plaintiffs' Original Petition*.

## PRAYER

WHEREFORE, Plaintiffs respectfully request that final judgment be rendered for the

Plaintiffs as follows:

1)    Judgment against Defendants for actual damages in an amount to be determined by the
jury;

2)    Statutory benefits;

3)    Treble damages;

4)    Exemplary and punitive damages;

5)    Pre-judgment interest as provided by law;

6)    Post-judgment interest as provided by law;

7)    Attorneys' fees;

8)    Costs of suit;

9)    Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully Submitted,

By: _____

Shaun W. Hodge
Texas Bar No. 24052995
The Hodge Law Firm, PLLC
2211 Strand, Suite 302
Telephone: (409) 762-5000
Facsimile: (409) 763-2300
Email: shodge@hodgefirm.com

ATTORNEY FOR PLAINTIFFS

Filed
2/19/2019 12:57 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

# NUECES COUNTY PROCESS REQUEST SHEET

### 901 LEOPARD STREET ROOM 313 / CORPUS CHRISTI, TEXAS 78401
### PHONE # 361-888-0450   /   FAX # 361-888-0424

---

### *FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING.*

**CAUSE NUMBER:** 2019DCV-0737-F

**CURRENT COURT:** _____

**DATE OF REQUEST:** 02-19-2019

**AMOUNT PAID:** _____

---

### *SERVICE WILL ONLY BE ISSUED UPON PAYMENT OF COST!*

---

**TYPE OF PROCESS TO BE ISSUED; (Citation, Show Cause, Precept, TRO, etc.)**   Citation

_____

**NAME OF DOCUMENT/PLEADING TO BE SERVED**   Plaintiff's Original Petition

_____

**SERVICE BY:**
[ ] ATTORNEY FOR PICK UP     [ ] ATTORNEY RETURN BY MAIL   [ ] CONSTABLE / SHERIFF    [ ] NO SERVICE
[ ] CIVIL PROCESS SERVER:
   AUTHORIZED PERSON: _____   PHONE: _____
[X] CERTIFED MAIL        [ ] RESTRICTED DELIVERY
[ ] COURTHOUSE POSTING     # OF DAYS TO BE POSTED: _____
                                                        BRIEF STATEMENT OF SUIT (USE REVERSE SIDE)

[ ] PUBLICATION          NAME OF NEWSPAPER: _____
                          # OF DAYS TO BE PUBLISHED: _____
                                                        BRIEF STATEMENT OF SUIT (USE REVERSE SIDE)

**PARTY/PARTIES TO BE SERVED:**
**[1] NAME/AGENT** Seneca Specialty Insurance Company by serving Registered Agent: Mr. Marc Wolin, President
     **ADDRESS** 160 Water Street, New York, New York 10038

**[2] NAME/AGENT** _____
     **ADDRESS** _____

**[3] NAME/AGENT** _____
     **ADDRESS** _____

**[4] NAME/AGENT** _____
     **ADDRESS** _____

**ATTORNEY OR PARTY REQUESTING ISSUANCE OF PROCESS;**

**NAME** Shaun W. Hodge                      **ATTORNEY  BAR  #** 24052995
**MAILING   ADDRESS**
**PHONE #** 409-762-5000                      **FAX #** 409-763-2300
**ATTORNEY REPRESENTS:**      **PLAINTIFF** ⨯     **DEFENDANT** _____     **OTHER** _____

**<u>Citation for Personal Service –RESIDENT</u>**

ORIGINAL'

Case Number: **<u>2019DCV-0737-F</u>**

THE STATE OF TEXAS

NOTICE TO DEFENDANT:   You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:   **Seneca Specialty Insurance Company by serving Registered Agent: Mr. Marc Wolin**
     **160 Water Street**
     **New York NY  10038**
the Defendant,

GREETING:   You are commanded to appear by filing a written answer to the **Plaintiffs' Original Petition** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the **<u>Honorable Inna Rogoff-Klein</u>**, **214th District Court** of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said Petition was filed on the 19th day of February, 2019. A copy of same accompanies this citation.
The file number of said suit being Number:   **2019DCV-0737-F**

The style of the case is:  **Arbuda Enterprises, Inc. DBA Safari Inn vs. Seneca Specialty Insurance Company**

Said Petition was filed in said court by **Shaun W Hodge**, attorney for Plaintiff, whose address is 2211 Strand Ste 302 Galveston TX  77550.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirement of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Corpus Christi, Texas, this 25th day of February, 2019.



**ANNE LORENTZEN, DISTRICT CLERK**
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401

BY: ___Nadia R. Contreras___, Deputy
     Nadia Contreras

## RETURN OF SERVICE

2019DCV-0737-F       **ARBUDA ENTERPRISES, INC. DBA**       214TH DISTRICT COURT
**SAFARI INN**
**VS.**
**SENECA SPECIALTY INSURANCE**
**COMPANY**

_____
Name

**ADDRESS FOR SERVICE**
**Seneca Specialty Insurance Company by serving Registered Agent: Mr. Marc Wolin**
**160 Water Street**
**New York NY  10038**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ___. m., and executed in
_____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation with the
date of delivery endorsed thereon, together with the accompanying copy of the _____
_____, at the following times and places, to-wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|------|-----------|------------------------------------------|
|      |           |                                          |

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being:

_____

and the cause of failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

| Fees: | | _____, | Officer |
|-------|--|-------------------------------|---------|
| Serving Petition and Copy | $_____ | _____, | County, Texas |
| Total | $_____ | By _____, | Deputy |

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a Citation shall sign the return. The
signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the
return shall be signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my
        (First, Middle, Last)
address is _____
        (Street, City, State, Zip, Country)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of
of _____, 20_____.

_____
Declarant / Authorized Process Server

_____
ID# & Expiration of Certification

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$ Seneca Specialty Insurance
Company

Total Postage and Fees
$ Registered Agent:
Mr. Marc Wolin, president

Sent To
Street and Apt. No., or PO Box No.
160 Water St.

City, State, ZIP+4®
New York, New York 10038

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

7017 1000 0000 1287 2470

Filed
3/15/2019 3:06 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

## CAUSE NO. 2019DCV-0737-F

| | | |
|---|---|---|
| **ARBUDA ENTREPRISES, INC. DBA SAFARI INN,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | **214TH JUDICIAL DISTRICT** |
| | § | |
| **SENECA SPECIALTY INSURANCE** | § | |
| **COMPANY,** | § | |
| **Defendant.** | § | **NUECES COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER AND GENERAL DENIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Seneca Specialty Insurance Company ("Defendant"), files this Original Answer to Plaintiff's Original Petition, and would respectfully show the following:

## I.     GENERAL DENIAL

Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that Plaintiff Arbuda Enterprises, Inc. d/b/a Safari Inn ("Plaintiff") be required to prove the charges and allegations made against it by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.

## II.     DISCOVERY PLAN:  LEVEL TWO

Defendant asserts that Level Two discovery is appropriate in this case.

## III.     SPECIAL EXCEPTIONS

### FIRST SPECIAL EXCEPTION
**Breach of Contract**

Defendant specifically excepts to Plaintiff's Original Petition because it only vaguely and generically alleges that it breached its contract of insurance.  The vague and indefinite breach of contract claim fails to:  (1) provide fair notice of the elements and facts of the loss allegedly sustained by Plaintiff; (2) provide fair notice of facts showing Plaintiff's alleged loss was covered under the

6765102v1
01446.240

terms of the insurance contract at issue; or (3) provide fair notice of the acts and/or omissions by Defendant which allegedly could amount to a breach of its contractual obligations, if any, to Plaintiff.

## SECOND SPECIAL EXCEPTION
### Bad Faith Claims

Defendant specially excepts to Plaintiff's Original Petition because Plaintiff fails to plead all of the elements of its alleged cause of action for breach of the duty of good faith and fair dealing. As a result, Plaintiff should be required to file an amended pleading which sets for the elements and facts and evidence in support of Plaintiff's claim for bad faith, as well as all related damages.

## THIRD SPECIAL EXCEPTION
### Chapter 541

Defendant specially excepts to Plaintiff's Original Petition because Plaintiff's Chapter 541 claims are deficient.  The elements of a cause of action under Chapter 541 are:  (1) the plaintiff is a "person" as defined by Texas Insurance Code §541.002; (2) the defendant's acts or practices violated a section of the Insurance Code, §17.46(b) of the Texas Business & Commerce Code, or violated a tie-in provision of the DTPA; and (3) defendant's acts were a producing cause Plaintiff's damages.

Plaintiff generically alleges that Defendant violated subparts of §541 but fail to allege any specific facts on which such claims are based.  As a result, Plaintiff should be required to file an amended pleading setting forth the elements, facts, and evidence in support of its claim for §541 violations, as well as all related damages.

## FOURTH SPECIAL EXCEPTION
### Chapter 542

Defendant specially excepts to Plaintiff's Original Petition because Plaintiff's Chapter 542 claims are deficient.  Plaintiff generically alleges that Defendant violated subparts of §542 but fail to allege any specific facts on which such claims are based.  As a result, Plaintiff should be required to file an amended pleading setting forth the elements, facts, and evidence in support of its claim for §542 violations, as well as all related damages.

## FIFTH SPECIAL EXCEPTION
### DTPA Violations

Defendant specially excepts to Plaintiff's Original Petition because its assertions under the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA") are deficient. Specifically, Plaintiff fails to provide Defendant with fair notice of the facts and circumstances supporting the alleged DTPA violations in the Petition.  As a result, Plaintiff should be required to file an amended pleading which sets forth facts and evidence in support of Plaintiff's claims and alleged damages.

## SIXTH SPECIAL EXCEPTION
### Fraud

Defendant specially excepts to Plaintiff's Original Petition because it fails to identify any facts which support the allegations of fraud against it.  In order to hold a defendant liable for common law fraud, a plaintiff must show the following:  (1) the defendant made a material misrepresentation; (2) the representation was false, and was either known to be false when made or was asserted without knowledge of its truth; (3) the defendant intended the representation to be relied upon; (4) the representation was actually relied upon; and (5) the representation caused harm to the plaintiff. Plaintiff has not pled any facts substantiating any of the elements of their fraud claim against Defendant.  Accordingly, Plaintiff should be required to file an amended pleading which sets forth facts and evidence in support of her claim for alleged fraud.

## IV.   AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE
### Policy Terms and Conditions

Plaintiff's claims are subject to the respective terms and conditions of the Policy, including but not limited to the applicable Policy limit and deductible. Defendant hereby incorporates the terms of its Policy by reference.

6765102v1
01446.240

## SECOND AFFIRMATIVE DEFENSE
### Failure to State a Claim

Plaintiff's causes of action are barred, either in whole or in apart, because they fail to state a claim upon which relief can be granted.  Plaintiff fails to describe how Defendant's alleged breach of the insurance contract would convert Plaintiff's contractual claim into any other causes of action including, but not limited to, breach of the duty of good faith and fair dealing or a violation of the Texas Insurance Code.

## THIRD AFFIRMATIVE DEFENSE
### Concurrent Causation

Plaintiff's recovery is barred by the doctrine of concurrent causation because it cannot segregate between the damages caused by covered and non-covered perils.  *JAW The Pointe, LLC v. Lexington Ins. Co.*, 460 S.W.3d 597, 608 (Tex. 2015).

## FOURTH AFFIRMATIVE DEFENSE
### Liability Not "Reasonably Clear"

As to Plaintiff's extra-contractual claims alleging "bad faith", a *bona fide* controversy existed and continues to exist concerning Plaintiff's entitlement, if any, to insurance benefits from Defendant, and Defendant possesses the right to value claims differently from those asserting claims under the Policy without facing bad faith liability.

## FIFTH AFFIRMATIVE DEFENSE
### Absence of Coverage Precludes Extra-Contractual Liability

Plaintiff has not suffered any damages that are recoverable under any extra-contractual theory of liability.

## SIXTH AFFIRMATIVE DEFENSE
### Failure to Mitigate/ Contributory Negligence

Plaintiff is barred from any recovery, in whole or in part, due to its failure to mitigate the alleged damages and its own contribution to the alleged damages.  Because of Plaintiff's failure to

mitigate damages, it is precluded from recovering any damages that would have been prevented and/or mitigated.

### SEVENTH AFFIRMATIVE DEFENSE
### Waiver and Estoppel

Plaintiff has waived and/or is estopped from asserting the claims against Defendant in Plaintiff's Original Petition.

### EIGHTH AFFIRMATIVE DEFENSE
### Conditions Precedent

Plaintiff's claims are subject to the respective terms and conditions of the Policy, including but not limited to showing a covered loss.

### NINTH AFFIRMATIVE DEFENSE
### Limit of Liability

Plaintiff's damages, if any, are limited by the amount set forth in the policy limitations provisions of the applicable policy, a copy of which has been produced.

### TENTH AFFIRMATIVE DEFENSE
### Offset and/or Credit

Plaintiff's damages, if any, must be offset by the amount of applicable policy deductibles. Further, any award to Plaintiff must be offset by all prior payments tendered to Plaintiff for the claims forming the basis of its claims and by all payments and credits otherwise available.

### ELEVENTH AFFIRMATIVE DEFENSE
### Contractual and Statutory Limitations

Any recovery by Plaintiff is subject to the contractual limitations under the policy and/or the statutory limitations on liabilities and damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code, as well as all other statutory damage caps provided by law.

### TWELFTH AFFIRMATIVE DEFENSE
### Punitive and Exemplary Damages

Defendant invokes and asserts all applicable limitations upon punitive damages, exemplary damages, and additional damages, including, but not limited to, those contained in the applicable

statues under which it is being sued, Texas Civil Practice and Remedies Code Chapter 41, and the United States and Texas Constitutions. Also, to the extent that additional damages or punitive damages or penalty interest are awarded, more than one of them cannot be awarded for the same conduct and/or based on the same damages as such multiple awards would be multiple punishments for the same actions.

## V.    PRAYER

Defendant requests that Plaintiff takes nothing by its claims and that Defendant be granted any and all other relief to which it may show itself justly entitled.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: _/s/ Christopher H. Avery_

JAMES N. ISBELL
Texas State Bar No. 10431900
jisbell@thompsoncoe.com
CHRISTOPHER H. AVERY
Texas State Bar No. 24069321
cavery@thompsoncoe.com
ALEXA GOULD
Texas State Bar No. 24109940
agould@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
Telephone:  (713) 403-8210
Facsimile:  (713) 403-8299

***Counsel for Defendant Seneca Specialty Insurance Company***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 15th day of March, 2019, a true and correct copy of the foregoing was served via e-service, to the following:

Shaun W. Hodge
The Hodge Law Firm, PLLC
2211 Strand, Suite 302
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300
shodge@hodgefirm.com
***Counsel for Plaintiff Arbuda Enterprises, Inc. dba Safari Inn***

*/s/ Christopher H. Avery*
CHRISTOPHER H. AVERY